**STATE, ex rel. FOXALL, Plaintiff-Appellee, v. COSSAIRT, et al., Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19898. Decided June 25, 1945.

Frank G. Mercer, for plaintiff-appellee.
Charles F. Ross, Cleveland, for defendant-appellant.

174

### OPINION

By MORGAN, J.

Relator filed this action in mandamus in the Court of Common Pleas against the defendants as members of the Board of Trustees of the Police Relief Fund of the City of Lakewood, praying that the defendants approve relator's application for a monthly pension.

The relator alleged, and the record shows, that he was appointed and qualified as a member of the Police Department of Lakewood on November 16, 1923, and continued as such member until April 21, 1942, when he was dismissed and discharged.

Section 4 of the Rules and Regulations of the Trustees of the Police Relief Fund of Lakewood, provides as follows:

"Any member who may be discharged from the Police Department, after serving not less than fifteen consecutive years, shall be placed on the pension roll at 6/16 of his salary at the time of discharge * * * * provided that such discharge is for any offense other than dishonesty, habitual intoxication or the commission of a felony for which he has been convicted."

Relator further alleged that he had made application to defendants to be placed on the pension roll, but they had rejected and disallowed the application. That he was not discharged or removed as a member of the Police Department for dishonesty, habitual intoxication or the commission of a felony for which he had been convicted, and that therefore under the provisions of Section 4 it became the mandatory duty of the defendants to place the relator on the pension roll.

As to the cause of his removal from the Department, relator alleged that he was dismissed and discharged "upon an alleged charge that relator had habitually contracted debts which he either was unable or unwilling to pay."

The defendants in their answer admitted "that the original charge against the relator was in substance that he had habitually contracted debts which he was either unable or unwilling to pay."

It is to be noted that the disjunctive "or" was used in the phrase "unable or unwilling to pay" and not the conjunctive "and". It is clear that a charge that the relator habitually contracted debts which "he was unable to pay" did not necessarily connote or import dishonesty. The relator was not charged with "habitual intoxication or the commission of a felony for which he had been convicted."

The answer, as stated, admitted that the above was "the original charge" against the relator. The record does not show that the original charge as above stated was added to or modified.

The answer further stated that the Mayor notified relator of his discharge by letter dated April 20, 1942, which is set forth in full in the answer. The first three paragraphs of the mayor's letter are as follows:

"Referring to charges preferred against you by Chief L. B. Miller, of the Police Department, dated April 13, 1942, for violation of Article 12 of Rule 13 of the Rules and Regulations of the Division of Police, Department of Public Safety, namely; that you have habitually contracted debts which you are either unable or unwilling to pay.

In accordance with the provisions of the City Charter, hearing on these charges was held in the Mayor's office, Friday, April 17th at which time you were present and upon the charges being read you were asked if you pled guilty or not guilty, to which you replied "not guilty."

During the hearing witnesses testified and other evidence was submitted which clearly indicates that you do not pay some of your obligations unless you are forced to do so. Among the items which substantiate this fact are the following: * * * *"

The letter then enumerates nine specific items of evidence in which the relator had failed to pay his debts. In some of the items relator had issued checks on a bank where his account had been closed, or where he did not have an account. The conclusion of the letter is as follows:

"* * * * I find you guilty as charged and my decision is that your suspension by Chief Miller, effective April 13, 1942, is sustained and that you are dismissed as a member of the

Police Department of the City of Lakewood effective April 21, 1942."

The relator filed a motion to strike the above letter of the mayor from the answer, except the last sentence containing the finding. This motion was overruled.

The case went to trial and the plaintiff rested his case without offering evidence. His position was that by the allegations of the petition and the admissions of the answer the plaintiff was dismissed because found guilty of the charge that "he had habitually contracted debts which he was either unable or unwilling to pay" and that this charge did not denote or connote dishonesty.

The defendants then offered evidence to sustain the affirmative allegations of the answer. There was introduced without objection a copy of the mayor's letter to the relator, dated April 14, 1942, advising the relator that he had been suspended and that there would be a hearing on the charges on April 17, 1942. The first paragraph of the mayor's letter is as follows:

"I am in receipt of letter from Chief Miller with which is transmitted a letter to you advising you have been suspended from duty in the Division of Police, effective Monday, April 13th, and that charges have been preferred against you for violating Rule 13, Article 12, to-wit: in that you have habitually contracted debts which you are either unable or unwilling to pay."

The defendants then offered in evidence the letter from the mayor to relator dated April 20, 1942, which as stated was set forth in full in the answer. Over relator's objection this letter was admitted in evidence. Then the defendants marked and offered in evidence all of the checks referred to in the mayor's letter of April 20, 1942, being checks on bank allegedly bearing relator's signature, where the mayor's letter alleged that the relator did not have an account. The five checks were received in evidence over relator's objection.

The mayor was not called as a witness in the case. No minutes of the hearing before the mayor of the charges against relator were offered. No one testified who was present at the hearing. No proof was offered that the relator had signed or sent checks and no witnesses attempted to identify his signature. Whether any such proof was offered at the hearing of the charges we do not know. In our opinion, therefore, it was clearly error to admit in evidence the mayor's letter of

April 20, 1942, or the five checks as proof of the evidence offered at the hearing of the charges against the relator.

It is also our opinion that the charge against the relator that "he had habitually contracted debts which he either was unable or unwilling to pay" is not the equivalent of a charge of dishonesty. This is the charge of which the relator was found guilty.

Relator contends that the above facts entitle him to a judgment in this case. They may make a prima facie case but it is our opinion that the defendants, even if the formal charge against relator did not connote dishonesty, had the right to show in this case that the evidence presented at the hearing before the mayor on April 17, 1942, disclosed dishonesty on the part of relator.

We also believe that no competent evidence that the testimony presented at the hearing of the charges before the mayor, disclosed dishonesty on the part of relator is to be found in the record, and we therefore reverse the case to enable defendants at another trial to produce such evidence.

SKEEL, P. J., concurs, LIEGHLEY, J., dissents.